23 F.3d 734
 91 Ed. Law Rep. 478, 5 A.D.D. 616
 Mark GARRO, Plaintiff-Appellant-Cross-Appellee,
v.
STATE OF CONNECTICUT; Department of Education and Gerald N.
Tirozzi, Commissioner, Defendants-Appellees,
Farmington Board of Education; William Streich,
Superintendent of Farmington Schools, and Gerald
Feldman, Director of Special Services
Farmington,
Defendants-Appellees-
Cross-Appellants.
 Nos. 1531, 1716, Dockets 93-9178, 93-9208.
 United States Court of Appeals,
Second Circuit.
 Argued April 29, 1994.
Decided May 9, 1994.
 
 Marcia McCormack, Farmington, CT, for plaintiff-appellant-cross-appellee.
 Mark J. Sommaruga, Hartford, CT, (Robert J. Murphy, Sullivan, Lettick & Schoen, of counsel), for defendants-appellees-cross-appellants.
 Richard Blumenthal, Atty. Gen., Bernard F. McGovern, Jr., Laurie A. Deane, Asst. Attys. Gen., Hartford, CT, for defendants-appellees.
 Before: WINTER, ALTIMARI and BREYER, Circuit Judges.*
 PER CURIAM:
 
 
 1
 This is an appeal and cross-appeal in an action for compensatory education and reimbursement based on the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sec. 1400 et seq. (1988 & Supp. IV 1992). Mark Garro appeals from Chief Judge Cabranes's and Judge Covello's orders granting the State of Connecticut, the Department of Education, and Gerald Tirozzi's (the "state defendants") motion for summary judgment and dismissing Garro's claims against them. Garro also appeals from orders dismissing federal and state law claims against the Farmington Board of Education, William Streich and Gerald Feldman (the "local defendants"). The local defendants cross-appeal from Judge Covello's grant of summary judgment in favor of Garro finding that the local defendants committed unspecified procedural violations of the IDEA. As to Garro's appeal, we affirm. On the cross-appeal, however, we vacate the district court's entry of summary judgment in favor of Garro and remand for entry of judgment dismissing Garro's complaint in its entirety.
 
 
 2
 Garro challenges the hearing officer's determination that Garro did not meet the eligibility requirements for special education as learning disabled. Our authority to review state administrative determinations on matters of special education is limited. See Briggs v. Board of Educ. of Conn., 882 F.2d 688, 693 (2d Cir.1989) ("Deference is owed to state and local agencies having expertise in the formulation of educational programs for the handicapped"). As the Supreme Court has noted, "courts must be careful to avoid imposing their view of preferable educational methods upon the States." Board of Educ. v. Rowley by Rowley, 458 U.S. 176, 207, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 690 (1982). In this case, the hearing officer conducted a careful, thorough, and individualized review of Garro's situation before concluding that he was not learning disabled. We need not detail the pertinent facts because, although the officer might have reached a different conclusion, Garro has not specified any legal or factual error sufficiently compelling to outweigh the considerable deference accorded state officials in these matters.
 
 
 3
 Garro also argues that the district court erred in dismissing his claim for compensatory education against the state defendants based on Eleventh Amendment immunity. Garro's contention is meritless. Garro apparently concedes that as an initial matter Dellmuth v. Muth, 491 U.S. 223, 227-32, 109 S.Ct. 2397, 2399-03, 105 L.Ed.2d 181 (1989) (the IDEA (then the EHA) does not abrogate states' sovereign immunity), unambiguously precludes monetary relief from the state and its representatives in IDEA cases. As Garro indicates, in Burr by Burr v. Sobol, 888 F.2d 258, 259 (2d Cir.1989), cert. denied, 494 U.S. 1005, 110 S.Ct. 1298, 108 L.Ed.2d 475 (1990), we concluded that the Supreme Court's decision in Dellmuth did not bar an award of compensatory education because such relief is prospective in nature.
 
 
 4
 Garro's invocation of these principles is unavailing, however, because the district court did not dismiss Garro's claim for compensatory education on Eleventh Amendment grounds. Instead, the district court properly dismissed Garro's claim for compensatory education because such relief is unavailable to a claimant over the age of twenty-one in the absence of "gross" procedural violations. Mrs. C. v. Wheaton, 916 F.2d 69, 75 (2d Cir.1990). Garro admits that he is over twenty-one. Because Garro has not shown any "gross" procedural violations, his claim for compensatory education was properly dismissed.
 
 
 5
 Garro also argues that the district court erred in dismissing any of his claims against the state defendants based on Eleventh Amendment immunity, because Congress's 1990 amendments to the IDEA expressly abrogated states' sovereign immunity in IDEA cases. However, as Garro concedes, the amendment waiving immunity applies by its own terms only to "violations that occur in whole or in part after October 30, 1990." 20 U.S.C. Sec. 1403(c) (Supp. IV 1992). The last conduct of which Garro complains--the hearing officer's decision--was dated February 19, 1988. Garro's attempt to circumvent the statute's requirements by likening his case to the criminal law concept of a "continuing offense" is unconvincing. Garro has offered no authority, nor have we found any, to treat the alleged violations as "continuing" beyond October 30, 1990, merely because Garro had not yet secured the relief he claims for his alleged injuries.
 
 
 6
 Finally, Garro challenges the dismissal of his state law claim for the intentional infliction of emotional distress. Judge Cabranes dismissed the claim for lack of pendent jurisdiction on the grounds that a pendent state law claim cannot be pled in an appeal of a hearing officer's decision where it is a simple reformulation of an IDEA claim. See David D. v. Dartmouth Sch. Comm., 775 F.2d 411, 422-23 (1st Cir.1985), cert. denied, 475 U.S. 1140, 106 S.Ct. 1790, 90 L.Ed.2d 336 (1986). Here, Garro admits that it was the "intentional nature of the [IDEA] violations which lead [sic] to the intentional infliction of emotional distress." Coupled with this admission of the claims' overlap, Garro offers no authority or reason not to follow the practice of dismissing such pendent state claims in IDEA cases. In any event, Judge Cabranes would have been well within his discretion in declining to exercise pendent jurisdiction over the state law claim after dismissing all but an insubstantial federal claim. See 28 U.S.C. Sec. 1367(c)(2) (Supp. IV 1992); Cushing v. Moore, 970 F.2d 1103, 1110 (2d Cir.1992). Accordingly, there is no merit to any of Garro's appeal, and the judgment of the district court is affirmed except as noted below.
 
 
 7
 The local defendants cross-appeal Judge Covello's grant of summary judgment in favor of Garro. They contend that the district court should have dismissed the complaint based on Garro's failure to exhaust his administrative remedies before commencing this suit. For the reasons that follow, we agree that Garro failed to exhaust his administrative remedies before commencing this suit and therefore vacate the entry of summary judgment in favor of Garro and remand for entry of judgment dismissing the complaint.
 
 
 8
 Before seeking judicial review in the federal courts, persons claiming to be aggrieved by procedural violations of the IDEA must first exhaust their administrative remedies. Mrs. W. v. Tirozzi, 832 F.2d 748, 756 (2d Cir.1987); David D., 775 F.2d at 424. Garro did not raise, and the hearing officer did not consider, any alleged procedural violations by the local defendants. Nor has Garro offered any compelling reason to excuse the exhaustion requirements in his case. While exhaustion is not required where it would be futile or the state administrative system would be inadequate, Mrs. W., 832 F.2d at 756, Garro has offered no reason to think that seeking redress for the alleged procedural violations in the state proceedings would have been futile or that the state system was inadequate to deal with these complaints. Quite the contrary, the failure to comply with the exhaustion requirements has not only deprived the state administrative authorities of an opportunity to redress the claimed violations at a far more appropriate time but has also deprived this Court of the factual record necessary to review the alleged violations.
 
 
 9
 Accordingly, the orders and judgment of the district court are affirmed except insofar as it granted summary judgment in favor of Garro. The grant of summary judgment in favor of Garro is vacated and the case is remanded for entry of judgment dismissing the complaint in its entirety.
 
 
 
 *
 The Honorable Stephen G. Breyer, Chief Judge, United States Court of Appeals for the First Circuit, sitting by designation