**D.R. by His Parents and Next Friends at Law, MR. & Mrs. R., Plaintiff,**

v.

**The BEDFORD BOARD OF EDUCATION Earl Warren Zaidens, The State of New York Department of Education and Roland Smiley, Defendants.**

**No. 95 Civ. 10400 (JSR).**

United States District Court, S.D. New York.

May 21, 1996.

---

Peter D. Hoffman, Katonah, NY, for Plaintiff.

Howard M. Miller, Plunkett & Jaffe, P.C., White Plains, NY, for Defendant Bedford Board of Education.

Dennis Vacco, Attorney General by Lisa Dell, Asst. Attorney General, New York City, for Defendants N.Y.S. Dept. of Education, Roland Smiley.

### MEMORANDUM ORDER

RAKOFF, District Judge.

On May 17, 1996, the Court held oral argument on the pending motion of defendant Bedford Board of Education to dismiss plaintiff's Complaint under Fed.R.Civ.P. 12(b)(1) and 12(c). At the outset, counsel for the co-defendants joined in the motion. After hearing argument and reviewing the underlying papers, the Court dismissed the Complaint in its entirety, for reasons stated in open court. This memorandum will serve to summarize the most conspicuous of those reasons.

Plaintiff, an emotionally handicapped student, sought at a hearing held pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415 et seq., to have the state place him in a private school at public expense. At the hearing, as here, plaintiff was represented by his parents and by counsel. Before the hearing concluded, however, plaintiff's parents unilaterally withdrew from the hearing and thereafter placed plaintiff in an out-of-state private school at their own expense. The Complaint appears to allege that they did so because the hearing officer was biased, either personally or in the manner in which he was selected (Count One), and because the state had refused a proposed settlement that would have provided the relief plaintiff requested (Count Two).[1]

■ It is far from obvious that any of these allegations states a claim for relief. Moreover, the Complaint is materially wanting in well-pleaded factual averments supporting many of its basic assumptions. Instead, core averments of the Complaint, often alleged on mere information and belief, are crafted in largely conclusory language. The residue, even under the modest requirements of the Federal Rules, is legally insufficient to state a claim. *Schero v. Merrola*, 1974 WL 904 (S.D.N.Y.1974).

From inquiry at oral argument, it appeared doubtful that plaintiff's counsel had discovered, or would discover, facts sufficient to cure this deficiency. But the question is moot because even if the Complaint were to be viewed as sufficient on its face or, alternatively, even if leave were given to amend, the Complaint must still be dismissed, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction.

■ It is well settled that before seeking judicial review in the federal courts, persons claiming to be aggrieved by violations of the IDEA must first exhaust their administrative remedies. *Garro v. State of Connecticut*, 23 F.3d 734, 737 (2d Cir.1994). Failure to do so deprives the district court of subject matter jurisdiction. *Hope v. Cortines*, 872 F.Supp. 14, 19 (E.D.N.Y.1995). While exhaustion is not required where it would be futile, *Heldman v. Sobol*, 962 F.2d 148, 158 (2d Cir.1992), in the instant case plaintiff fails to make any credible showing of futility.[2]

Plaintiff, through his parents, unilaterally withdrew from the administrative hearing before its conclusion, and before the hearing officer could rule on plaintiff's requests for relief. As plaintiff's counsel conceded at oral argument, the withdrawal occurred because the state had refused a proposed settlement, which the (supposedly biased) hearing officer was trying to broker, that would have given plaintiff all the relief he had requested. Had the hearing continued in the regular course, the hearing officer would still have had the authority to order such relief at the end of the hearing if he believed it was warranted. It was plaintiff's parents who, by unilaterally withdrawing from the hearing, effectively eliminated this possibility.

■ Moreover, regardless of the hearing officer's determination, plaintiff's parents, if

---

1. Count Three, a purported claim under 42 U.S.C. § 1983, is premised entirely on the validity of one or both of the preceding counts.

2. For purposes of contesting this prong of defendant's motion, plaintiff was permitted to file evidentiary materials, which the Court fully considered and addressed at oral argument. *See, e.g., Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4 (1947); *Antares Aircraft, L.P. v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (1991).

they had not withdrawn from the administrative process, would have had the right to pursue an administrative appeal of the hearing officer's decision, challenging both the substance of the ruling and the alleged bias of the hearing officer.[3] Plaintiff's failure to comply with the exhaustion requirements not only deprived the state administrative authorities of an opportunity to make and review a determination as to the most appropriate placement for plaintiff, but also deprived this Court of the factual and legal record necessary to review any alleged federal violation.

For the foregoing reasons, as well as additional reasons stated in open court on May 17, the Complaint is hereby dismissed.

SO ORDERED.

---

**3.** While at oral argument counsel for plaintiff contended that the bias he was attributing to the hearing officer was the result both of that particular officer's situation and of the method used to select all such officers, nothing suggests that the aspects of the selection method questioned by plaintiff, such as contact with school board officials of other districts (alleged only on informa-

tion and belief), is in any way mandated by the relevant regulations, so as to deprive the appeal board of ability to correct the alleged deficiencies. *Cf. Allen v. New York City Board of Education,* 1993 WL 723358, *2 (E.D.N.Y.1993). Thus the appeal would have been in no respect futile.