Miro KIELBUS on Behalf of Melissa KIELBUS, Plaintiff,

v.

NEW YORK CITY BOARD OF EDUCATION, Defendant.

No. 99 CV 4438 NG JMA.

United States District Court, E.D. New York.

April 20, 2001.

Dreier & Baritz LLP, Barry J. Schindler, Michael A. Nicodema, New York City, for Plaintiff Miro Kielbus on behalf of Melissa Kielbus.

Michael Hess, Corporation Counsel for the City of New York, Orrit Hershkowitz, Paul Marks, Noami Sheiner, New York City, for Defendant.

## ORDER

GERSHON, District Judge.

No objections have been filed to the Report and Recommendation dated March 20, 2001 of Chief Magistrate Judge Joan M. Azrack, which recommends the granting of the Board of Education's motion to dismiss. The Report and Recommendation sets forth the pertinent facts and analyzes the legal principles requiring dismissal for failure to exhaust administrative remedies. The Report and Recommendation is adopted and the complaint is dismissed.

**SO ORDERED.**

1. Defendant denies that there is an established "LEP program". Defendant does acknowledge that students determined to have limited English proficiency are provided with bilingual services. Defendant also contends that Melissa does not qualify as a child with

## REPORT AND RECOMMENDATION

AZRACK, United States Magistrate Judge.

The Honorable Nina Gershon, United States District Judge, referred the above captioned matter to me for a report and recommendation on defendant's motion to dismiss plaintiff Miro Kielbus' ("Kielbus") amended complaint due to this court's lack of subject matter jurisdiction. Plaintiff Miro Kielbus brings this action on behalf of his daughter, Melissa Kielbus ("Melissa") against defendant New York City Board of Education ("BOE"). Plaintiff brings his claims pursuant to Section 504(a) of the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a), and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. For the reasons discussed below, I respectfully recommend that defendant's motion to dismiss be granted.

## I. FACTS

The plaintiff, Miro Kielbus, is the father of Melissa Kielbus and brings this suit on her behalf. Pl. Reply Br. p. 2. Melissa Kielbus, a fourth grader attending Public School 68Q in Ridgewood, New York, is hard-of-hearing. Amended Complaint ("AC") ¶ 7. Due to her disability, Melissa communicates in American Sign Language ("ASL"). Pl. Reply Br. p. 2. Plaintiff claims that based on BOE's requirements, Melissa is eligible for the Limited English Proficient ("LEP") program. AC ¶ 13–15. According to BOE policies, a child who is determined to have limited English proficiency may be entitled to bilingual education services.[1] Def. Reply Br. p. 2 n. 2.

limited English proficiency because the regulations specifically define "pupils with limited English proficiency" as "pupils who by reason of foreign birth or ancestry, speak a language other than English." Def. Br. p. 2 n. 2 (citing 8 NYCRR § 154.2 (2000)).

BOE uses a two part test to determine whether a child has limited English proficiency. AC ¶ 11. The first part of the test requires the child's parents to complete a Home Language Identification Survey ("HLIS"). AC ¶ 12. Secondly, if the HLIS indicates that a language other than English is spoken in the home, the child is given an English test called the Language Assessment Battery ("LAB"). Id. If the child scores at or below the 40 percentile on the LAB test, the student is defined as LEP and is given bilingual educational instruction. Id.

Plaintiff and his wife, Mary Kielbus, have repeatedly completed the HLIS, indicating that American Sign Language is the primary language spoken at their home. AC ¶ 13. Melissa was given the LAB test when she was 6 years old and she scored in the 16 percentile. AC ¶ 15. Despite meeting the BOE's requirements for eligibility as a LEP student, BOE excluded Melissa from the LEP program and failed to provide her with bilingual education services. AC ¶ 15.

Plaintiff alleges that BOE is violating Section 504 of the 1973 Rehabilitation Act and Title II of the Americans with Disabilities Act by excluding Melissa from participation in the LEP program and denying her equal access to educational opportunities, including general education curriculum, solely by reason of her disability. AC ¶ 16, 20, 22, 24. Specifically, plaintiff alleges that BOE repeatedly provided Melissa with ASL instructors who were not qualified, have poor attendance records and who were not properly trained. AC ¶ 19(a). Additionally, Melissa was removed from BOE's "gifted and talented" program due to her language being ASL and she was excluded from the general education classes at J47 Public School, a special public school for the deaf and hard-of-hearing. AC ¶ 19(b)(c).

Defendant argues that this court lacks subject matter jurisdiction over plaintiff's claims because plaintiff has failed to meet the exhaustion requirement found in the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400–1487 (2000). Def. Br. p. 1. Defendant argues that plaintiff's claims fall within the scope of the IDEA and plaintiff must therefore exhaust all state administrative remedies before bringing a claim under a federal statute. Def. Br. p. 4. Alternatively, defendant argues that the amended complaint must be dismissed because plaintiff failed to state a claim for relief under § 504 of the RA or the ADA.

## II. *DISCUSSION*

Plaintiff filed his claims under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Despite plaintiff's attempts to bring his claims pursuant to those statutes, the conduct giving rise to any possible claims are actually covered by the Individuals with Disabilities Education Act ("IDEA") and must thus be analyzed under IDEA standards. *Hope v. Cortines*, 872 F.Supp. 14 (E.D.N.Y.1995)(holding that despite plaintiff's attempts to bring their action pursuant to the ADA and other federal statutes, the court lacked subject matter jurisdiction due to plaintiffs' failure to exhaust the IDEA administrative processes). According to the plain language of the IDEA, plaintiff must first exhaust all administrative procedures required by the IDEA before filing in federal court. Even assuming plaintiff is able to circumvent filing under the IDEA and is allowed to bring his action under the ADA and RA, the IDEA's exhaustion requirement also applies to suits brought pursuant to the ADA and RA. 20 U.S.C. § 1415(*l*); *Hope*, 872 F.Supp. at 21. Thus, this court lacks subject matter jurisdiction due to plaintiff's failure to exhaust and the motion to dis-

miss should be granted. Moreover, defendant's motion to dismiss should also be granted because plaintiff does not meet any of the exceptions to the exhaustion requirement.

## A. *FAILURE TO EXHAUST*

The IDEA requires state agencies to provide all children with disabilities a free appropriate public education that emphasizes special education and related services. 20 U.S.C. § 1400(d)(1)(A). Congress has prescribed procedural safeguards to ensure that disabled children receive the appropriate level of educational services. *Id.* at § 1415(a). Each disabled child is given an individualized educational program ("IEP") specifically tailored to meet her educational needs. *Id.* at § 1415(d)(2)(A). The disabled child is assessed by a committee of special education experts, teachers and parents who then create an IEP which is designed based on the child's needs and capabilities. If the child's parents are not satisfied with the IEP they can seek review from an impartial hearing officer. *Id.* at § 1415(b)(6) and (f)(1). Parents who are still discontent with the final determination of the impartial hearing officer may appeal the decision to the state educational agency.[2] *Id.* at § 1415(g). The parents' final recourse is to institute a federal claim once the state procedural process is complete. *Id.* at § 1415(i)(2).

The IDEA explicitly provides that a plaintiff must seek review at the state and local agency levels before proceeding to file a federal claim. *Id.* at § 1415(i)(2)(A). The purpose of the requirement is to allow the states and local agencies an opportunity to exercise their educational expertise and explore all possible technical educational issues regarding the special needs of disabled children. *Hope*, 872 F.Supp. at 19. Moreover, the requirement promotes judicial efficiency by developing a complete factual record and allowing the agencies the chance to correct potential shortcomings in their educational programs for disabled children. *Id.*

Plaintiff's claims must be analyzed under the IDEA. In substance, plaintiff is challenging the adequacy of Melissa's IEP, specifically her classification as a "special education" student. Plaintiff's goal is the creation of a more expansive IEP which includes general education classes with ASL instruction. AC p. 6 ¶ 3–4. As the Court held in *Hope*, plaintiffs will not be allowed to circumvent the IDEA exhaustion requirements by denying their child's need for "special education". *Hope*, 872 F.Supp. at 22. Plaintiff's attempts to distinguish Melissa from other students needing special education on the ground that she is gifted in addition to being hard-of-hearing are also futile. This distinction holds no legal significance and does not remove plaintiff's challenges from within the scope of the IDEA. *Id.* Any challenges to the educational services and accommodations provided to Melissa are "precisely the type of remedy best fashioned by the educational experts skilled in developing such programs and

2. In New York, the Committee on Special Education ("CSE") designs the child's IEP. N.Y. Educ. Law § 4402(*l*)(b)(1). There is a two tier review process of any IEP which is contested by the child's parents. First, the parents must request an impartial hearing. A hearing officer is appointed by the Board of Education ("BOE") from a list of state-certified officers. The hearing officer conducts an impartial hearing and makes a recommendation. N.Y. Educ.Law § 4404(1); 8 N.Y.C.R.R. § 200.5(c)(1). Secondly, if the parents are still not satisfied, they may appeal the hearing officer's recommendation to the state review officer who reviews the recommendation produced during the impartial hearing. N.Y. Educ. Law § 4404(2); 8 N.Y.C.R.R. § 276.10.

provides a textbook example of the type of case justifying administrative exhaustion". *Id.* at 21. Thus, plaintiff's claims will be analyzed under IDEA standards.

■ In · November 1997, plaintiff requested an impartial hearing to contest his daughter's IEP.[3] Between December 1997 and April 1999, plaintiff actively participated in a series of impartial hearings in an attempt to design a proper IEP for his daughter. Final Order of Determination ("FOD")[4] p. 8. However, plaintiff withdrew from the administrative hearing process during the final stages of negotiations just at the point where proposed settlements would have yielded the result he sought, i.e. a bilingual general education curriculum whereby his daughter would continue in a general education class with the assistance of an ASL instructor. (Pl. Reply Br. p. 7; FOD p. 35).

Plaintiff's withdrawal from the administrative hearings has had several effects upon his federal claim. First, the withdrawal deprived the hearing officer of the opportunity to reach a final determination. Secondly, plaintiff's actions have deprived the state and local agency of the opportunity to review and correct any potential problems with Melissa's IEP before judicial intervention. *D.R. v. Bedford Bd. of Ed.,* 926 F.Supp. 47 (S.D.N.Y.1996). Moreover, the withdrawal hindered the production of a complete factual and legal record necessary to review any alleged federal violation. *Id.* at 50. Lastly, and most importantly, by withdrawing from the administrative process, plaintiff has failed to meet the IDEA's exhaustion requirement. *Garro v. State of Connecticut,*

23 F.3d 734, 737 (2d Cir.1994). It is clear that exhaustion of administrative procedures is required before a parent may seek federal or state judicial review, 20 U.S.C. § 1415(i)(2)(A); *Ajala v. New York City Board of Education,* No 97–CV–0469 (RWS), 1997 WL 736699, *3 (S.D.N.Y. Nov. 28, 1997); *Hope v. Cortines,* 872 F.Supp. 14 (E.D.N.Y.1995). Failure to exhaust administrative review divests the federal court of subject matter jurisdiction. *W.G. v. Senatore,* 18 F.3d 60, 62–64 (2d Cir.1994). Thus, this court lacks jurisdiction to hear plaintiff's claims since he has failed to meet the exhaustion requirement.

■ Assuming arguendo that plaintiff's claims are properly based on the RA and ADA, plaintiff is still required to meet the IDEA exhaustion requirement. Section 1415(*l*) clearly states that RA and ADA claimants must first seek administrative redress at the local and state agency levels before proceeding to federal court, 20 U.S.C. § 1415(*l*). Congress did not intend to make the IDEA the sole source of relief for parents who are unsatisfied with their child's IEP. Nor does the IDEA limit or prevent parents from seeking federal review under other applicable federal statutes. However, the IDEA clearly states that if the relief the parents seek is relief available under the IDEA, the parents must first exhaust all administrative review processes before bringing an action in federal court. The statute specifically states that

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies . available under the Constitution, title V of the Reha-

---

**3.** Melissa's IEP consisted of attending bilingual (English/ASL) Modified Instructional Services VIII (MIS VII) class at P.S. 38 in Manhattan.

**4.** The Hearing Officer's Final Order of Dismissal is attached as Exhibit 2 in Plaintiff's

Reply Brief. The Final Order of Dismissal contains a record of the results of all the impartial hearings conducted regarding Melissa's IEP from December 1997 through April 1999.

bilitation Act of 1973, or other Federal statutes protecting the rights of children and youth with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (b)(2) and (c) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(*l*). According to the express language of this provision, the exhaustion requirement applies to both the ADA and RA. Thus, plaintiff has failed to exhaust even if this action is considered an ADA and RA claim and the motion to dismiss should be granted.

## B. *APPLICABLE EXCEPTIONS*

■ Courts do not invariably enforce the exhaustion requirement but instead have adopted a flexible approach with two key exceptions. *Mason v. Schenectady City School District*, 879 F.Supp. 215, 218 (N.D.N.Y.1993). The first exception, the futility exception, provides that the exhaustion requirement does not have to be met if "exhaustion would be futile because administrative procedures do not provide adequate remedies." *Heldman v. Sobol*, 962 F.2d 148 (2d Cir.1992). Under this exception, plaintiff is allowed to bypass the state and local administrative reviews and bring his claim in a federal action. However, this exception does not apply to the circumstances of this case. Here, plaintiff has failed to present evidence that state and local administrative review would be futile. Although plaintiff claims BOE refuses to provide Melissa with properly trained ASL instructors, the evidence clearly shows that the BOE has made several attempts to provide Melissa with the resources she needs to function and learn in a general education class. The BOE provided Melissa with bilingual services at Public School 38 for the 1997/1998 school

year. In September 1998, Melissa was placed in a gifted and talented program that was part of the general education curriculum and was given a full time ASL interpreter. FOD p. 22; Pl. Reply Br. p. 6. Between May 1998 and April 1999 while plaintiff and BOE participated in the impartial hearings, BOE's committee on special education ("CSE") made several recommendations that Melissa be placed in a general education class or program, however, plaintiff resisted these attempts. FOD p. 15, 16, 18, 21.

Moreover, plaintiff's futility argument must fail because one of the options proposed by BOE during the last phase of the impartial hearing process was to allow Melissa to attend general education classes with the assistance of an ASL instructor. FOD p. 35. Instead of continuing with the hearing process, which would have resulted in the exact relief plaintiff now seeks from this court, plaintiff ended the administrative process by withdrawing his request for an impartial hearing. Id. Thus, any futility at the administrative level has been caused by plaintiff's refusal to participate. *D.R. v. Bedford Bd. of Ed.*, 926 F.Supp. 47, 49 (S.D.N.Y.1996)(noting that plaintiff's unilateral withdrawal from the impartial hearing eliminated the possibility of obtaining adequate relief). Therefore, plaintiff may not avail himself of the futility exception.

The second exception allows a plaintiff to bypass local and state administrative review if the relief he seeks is unavailable under the IDEA. Plaintiff contends that he falls within this second exception since he is seeking a completely different remedy through his federal suit under ADA and RA which is unavailable under the IDEA. According to plaintiff, the relief available under IDEA is from inappropriate special educational placement decisions, whereas relief under RA and ADA is relief from

discrimination. Pl. Reply Br. p. 14. Plaintiff argues that since his objective in the federal suit is to prevent BOE from discriminating against his daughter based on her disability his claims are covered by ADA and RA and only those statutes, as opposed to the IDEA, are able to provide adequate relief. Id.

 Plaintiff's contentions are without merit. Plaintiff is correct in his assertion that the ADA and RA both address and provide relief from discriminatory practices whereas IDEA addresses special education issues. However, plaintiff does not acknowledge that although the IDEA, ADA and RA may seek to address different categories of harm, all three statutes are able to provide the relief plaintiff desires. Plaintiff's requested relief—bilingual educational services for Melissa which would consist of her participation in general educational classes with the assistance of an ASL instructor is available under the IDEA, as evidenced by BOE's proposed settlement in the April 1999 impartial hearing. FOD p.35; Pl. Reply Br. p. 7. Thus, although each statute addresses different issues, the necessary relief is available under all three statutes. Since the relief is available under IDEA plaintiff must first exhaust all administrative remedies. 20 U.S.C. § 1415($l$); *Hope*, 872 F.Supp. at 21. Therefore, as plaintiff's claims are not covered by either exception, this court lacks subject matter jurisdiction and I respectfully recommend that the motion to dismiss be granted.

## CONCLUSION

For the reasons stated above, I respectfully recommend that the Board of Education's motion to dismiss be granted.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

SO ORDERED.