07-0778-cv
Somoza v. New York City Dept. of Education

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term 2007

(Argued: December 13, 2007                                  Decided: August 14, 2008)

Docket No. 07-0778-cv

ALBA SOMOZA,

   *Plaintiff-Appellee*,

   v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

   *Defendant-Appellant*.

Before: CALABRESI, CABRANES, and SOTOMAYOR, *Circuit Judges*.

   Plaintiff brought suit under the Individuals with Disabilities Education Act ("IDEA"), seeking

to enjoin defendant New York City Department of Education ("DOE") from terminating funding for

plaintiff's educational services. The District Court for the Southern District of New York (Richard J.

Holwell and Victor Marrero, *Judges*) entered and confirmed a preliminary injunction pending

administrative review of plaintiff's claims. We conclude that the District Court erred as a matter of law

by granting a preliminary injunction on the basis of IDEA claims that were time-barred.

   Reversed.

        DAVID J. ADAMS, (Kimberly M. Mack Rosenberg, Salam M.
          Katsch, *on the brief*), Kasowitz, Benson, Torres, &
          Friedman, LLP, New York, NY, *for Plaintiff-Appellee*.

        SUSAN PAULSON, Assistant Corporation Counsel, (Michael
          A. Cardozo, Corporation Counsel, Francis F. Caputo,
          Janice L. Birnbaum, *of Counsel*), City of New York, NY,
          *for Defendant-Appellant*.

José A. Cabranes, *Circuit Judge*:

Plaintiff Alba Somoza is a multiply-handicapped twenty-three-year-old woman. From the time of her attendance in preschool until January 2008, she received special educational services from defendant New York City Department of Education ("DOE"), as required by the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400–1482. After her statutory entitlement to a free appropriate public education ("FAPE") expired at the end of the 2004-2005 academic year,[1] plaintiff brought an administrative claim against the DOE, alleging the denial of a FAPE for her entire tenure in the public schools. As relief, plaintiff sought two years of compensatory education.[2] While her administrative claims were pending, plaintiff sought injunctive relief in the U.S. District Court for the Southern District of New York to prevent DOE from terminating the funding of her educational services. The District Court (Victor Marrero, *Judge*) entered a preliminary injunction requiring the DOE to fund plaintiff's services until the completion of the administrative appeals process. This civil appeal followed.

We heard oral argument on December 13, 2007 and entered an order on January 3, 2008,

---

[1] The IDEA defines a FAPE as:

special education and related services that—

> (A) have been provided at public expense, under public supervision and direction, and without charge;
>
> (B) meet the standards of the State educational agency;
>
> (C) include an appropriate preschool, elementary school, or secondary school education in the State involved; and
>
> (D) are provided in conformity with the individualized education program required under section 1414(d) of this title.

20 U.S.C. § 1401(9); *see also* 34 C.F.R. § 300.17.

[2] "Compensatory education" is prospective equitable relief, requiring a school district to fund education beyond the expiration of a child's eligibility as a remedy for any earlier deprivations in the child's education. *See Burr v. Sobol*, 888 F.2d 258 (2d Cir. 1989)*, aff'g prior holding in Burr v. Ambach* 863 F.2d 1071 (2d Cir. 1988). An award of compensatory education is appropriate only for gross violations of the IDEA. *See Garro v. State of Conn.*, 23 F.3d 734, 737 (2d Cir. 1994).

2

vacating the District Court's preliminary injunction and indicating that an opinion would follow to explain the Court's holding. We now write to clarify that, because plaintiff's claims are time-barred under both potentially applicable statutes of limitations, the District Court erred as a matter of law in granting the requested injunction.

## BACKGROUND

The following section is based in substantial part on the recitation of facts from the District Court's February 21, 2007 Decision and Order. *See Somoza v. New York City Dep't of Educ.*, 475 F. Supp. 2d 373 (S.D.N.Y. 2007).

### Factual Background

Plaintiff received special educational services from the DOE from preschool until the January 2008, as required by the IDEA. In accordance with her Individualized Education Plan ("IEP"), plaintiff attended and graduated from high school in the New York City public schools. From 1991 through 1993, at the direction of the DOE, plaintiff was evaluated by a special education expert, Dr. Andrea Blau, who assisted in the monitoring of plaintiff's progress and made recommendations to the DOE regarding possible accommodations to address plaintiff's specific educational needs.

After her graduation from high school in June 2002, plaintiff began attending a program run by the DOE at Queens Occupational Training Center ("Queens"). Mary Somoza—plaintiff's mother and advocate, to whom plaintiff has delegated authority for educational decisions—became dissatisfied with the Queens program and lodged complaints with the DOE. In response, the DOE authorized Dr. Blau to evaluate plaintiff and to recommend and develop an appropriate educational program. The DOE and plaintiff developed a new IEP, and in November 2002 she was placed in an individualized, customized program developed and administered by Dr. Blau ("the Blau Program"). The DOE agreed to fund the Blau Program, without competitive bidding, at an annual cost of $400,000 for the remainder of the 2002-2003 academic year as well as the 2003-2004 and 2004-2005 academic years.

3

Plaintiff appeared to make significant improvement during her time in the Blau Program, and she and her mother reported their satisfaction with the Program. Dr. Blau noted these improvements and also concluded, in early 2003, that plaintiff had been denied a FAPE during her approximately thirteen years in the public schools.[3]

As of June 2005, the end of the school year in which she reached the age of twenty-one, plaintiff was no longer eligible for the DOE to fund her education. *See* 20 U.S.C. § 1412(a)(1)(A); N.Y. Educ. Law § 4402(5) (stating that the DOE is not required to fund such educational services for a person after the age of twenty-one or the receipt of a high school diploma). Plaintiff's mother contacted the DOE to request an additional year of funding of the Blau Program. Although plaintiff was no longer eligible for such funding under the terms of the governing statutes, the DOE agreed to fund the Blau program until June 2006 on the condition that plaintiff, through her mother, sign a proposed stipulation and release ("the Agreement"). Plaintiff's mother signed the Agreement, which included the following provision releasing the DOE from any liability for claims that plaintiff did not receive a free and public education under the IDEA:

### Release

I Mary Somoza individually and on behalf of Alba Somoza in consideration of an extension of one school year of services as outlined above do hereby release and discharge the defendant New York City Board of Education, also known as the New York City Department of Education . . . from any and all claims alleged, and all claims and/or rights of actions that were or could have been alleged against any of the released parties based on any act, omission, event or occurrence from the beginning of the world up to and including the date of the execution of this Release, including, without limitation, . . . any claims that Alba Somoza did not receive and/or was not offered a free and appropriate public education, as well as all claims for costs, expenses and attorney's fees.

Under the terms of the Agreement, funding for the Blau Program was to expire on June 30, 2006. Before the expiration date, plaintiff's mother made another request to the DOE for an extension of the funding. The DOE denied that request in January 2006.

---

[3] Plaintiff entered the public schools in 1989. *See Somoza,* 475 F. Supp. 2d at 377. Her suit claims a denial of a FAPE until the time she began the Blau Program in 2002.

4

**Procedural Background**

In March 2006, plaintiff's mother filed an administrative action on plaintiff's behalf, contending that plaintiff had been denied a FAPE from preschool until she began the Blau Program and requesting that the DOE provide funding for the Blau Program for two additional years as compensatory education. The DOE responded by filing a motion to dismiss on the grounds that plaintiff, through her mother, had waived any such claims in the Agreement and that, in any event, her claims were untimely under the applicable statute of limitations. Before the impartial hearing officer ("IHO"), plaintiff's mother argued that the release contained in the Agreement was not enforceable because the Agreement had been signed under duress and because a waiver of FAPE claims is void as against public policy.[4] Plaintiff's administrative claim was dismissed by the IHO who found that "[t]he DOE has complied in good faith and performed its part of the [A]greement and the [A]greement is clearly binding. . . . The parent has accepted the services of the [A]greement without protest." The IHO concluded that plaintiff's mother had executed a knowing and voluntary waiver of any right to additional educational services; granted the DOE's motion to dismiss; and denied plaintiff's request for relief.

Shortly thereafter, plaintiff filed the instant action in the District Court, seeking to enjoin the DOE from terminating its funding of the Blau Program. In July 2006, Judge Marrero granted plaintiff a temporary restraining order prohibiting the DOE from terminating funding of the Blau Program. *See Somoza v. New York City Dep't of Educ.*, No. 06 Civ. 5025, 2006 WL 1981758 (S.D.N.Y. July 10, 2006). One month later, the parties appeared before Judge Richard J. Holwell for a hearing on plaintiff's request for a preliminary injunction while her administrative appeal was pending. Judge Holwell granted plaintiff the requested preliminary injunction.

---

[4] Plaintiff's mother explained, in her testimony before the IHO, that she had reviewed the Agreement with Dr. Blau, who was at that time also a law school student, before signing it. Dr. Blau told plaintiff's mother that the release was "unconscionable" and, therefore, unenforceable. Apparently with the understanding that she could not be held to the Agreement, plaintiff's mother then signed the Agreement.

5

Plaintiff also pursued an appeal of the decision of the IHO through the state administrative process, arguing that the release was not valid or enforceable. In August 2006, the State Review Officer ("SRO") affirmed the decision of the IHO, observing that

> [The DOE's] obligations under the IDEA to [plaintiff] ceased at the end of the 2004-05 school year, which was the school year in which she turned 21.
>
> [Plaintiff] has already received one school year of educational services after her eligibility under IDEA expired. The parties have worked cooperatively over the past four years and [the DOE] has funded an extensive program of services for [plaintiff]. I note that [according to plaintiff's] report that the consultant's program has been provided at a cost of approximately $400,000 per year.

The SRO concluded that plaintiff's claims that she was denied a FAPE were barred by the two-year statute of limitations of the IDEA and that plaintiff had not presented a valid basis for tolling the statute. According to the SRO, plaintiff's claims accrued no later than the end of the 2002-2003 academic year, when Dr. Blau expressed her opinion to plaintiff's mother that plaintiff had not received a FAPE during the relevant period. Because plaintiff had not filed a claim based on the alleged denials of a FAPE until March 2006, her claims were barred as untimely. The SRO did not reach the question of whether the release was otherwise enforceable.

After the SRO's decision was issued, Judge Marrero held a three-day bench trial on the merits of plaintiff's claims and on the affirmative defenses raised by the DOE—namely, that plaintiff's claims were time-barred and that, in any event, she had waived any IDEA claim in the Agreement. At the conclusion of the trial, the Court filed a Decision and Order ("February 2007 Order") confirming and extending the preliminary injunction originally entered by Judge Holwell. *Somoza*, 475 F. Supp. 2d 373. The Court concluded that (1) plaintiff's claims were not time-barred under any of the potentially applicable statute of limitations periods because her claims were not justiciable at the time they accrued; (2) the Agreement was not a knowing and voluntary waiver of plaintiff's rights; and (3) that the balance of hardships favored plaintiff. As an initial matter, the District Court found that plaintiff's claims accrued at the end of the 2002-2003 academic year, when Dr. Blau concluded that plaintiff had been

6

denied a FAPE during the thirteen years before the Blau Program was implemented. *Somoza*, 475 F. Supp. 2d at 386. The Court then concluded that plaintiff's claims were not time-barred. *Id.* at 387. The Court reasoned that any suit filed while plaintiff was participating in the Blau Program would not be "ripe" because plaintiff was receiving the remedy for the deficiencies in her earlier education. *Id.* at 386. On this basis, the District Court determined that the limitations period on plaintiff's claims did not begin to run until January 2006, when the DOE denied her request for an additional year of funding. *Id.* Because plaintiff filed her request with the administrative agency on March 2006, her claims were not barred under any of the arguably applicable limitations periods. *Id.* at 387. The District Court did not rule on the merits of plaintiff's FAPE claims, but instead remanded the case to the IHO for a determination on the merits of plaintiff's FAPE claims and extended the preliminary injunction entered by Judge Holwell until the IHO's ruling. The District Court further ordered the Clerk of the Court to close the case. *Id.* at 396.

The DOE filed this timely appeal from the District Court's February 2007 Order entering the injunction. Before our Court, the DOE argues that the District Court abused its discretion in granting the preliminary injunction. Specifically, the DOE contends that: (1) the District Court improperly concluded that plaintiff's FAPE claims were not time-barred; and (2) the District Court erroneously found that the waiver of these claims was not valid. In response, plaintiff filed a motion to dismiss the appeal, arguing that our Court does not have jurisdiction to review the District Court's order.

Following oral argument, we entered an order reversing the February 2007 Order of the District Court and dissolving the injunction on the basis that plaintiff's claims are barred by the applicable statute of limitations. We set forth our reasons below.

7

## DISCUSSION

We review a district court's grant of a preliminary injunction for abuse of discretion. *See, e.g.,* *Corning Inc. v. PicVue Elecs., Ltd.,* 365 F.3d 156, 157 (2d Cir. 2004). The District Court necessarily abuses its discretion when its decision rests on an error of law. *See Zervos v. Verizon New York*, 252 F.3d 163, 168-69 (2d Cir. 2001) (noting that an "error of law" constitutes an "abuse of discretion"). We review legal conclusions, such as the application of a statute of limitations, *de novo*. *See, e.g.,* *Brennan v. Nassau County*, 352 F.3d 60, 63 (2d Cir. 2003).

## I.     Jurisdiction

Pursuant to 28 U.S.C. § 1291, our Court has jurisdiction over appeals from "all final decisions of the district courts of the United States." A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (citation omitted). The requisite indica of finality "is that there be some manifestation by the district court that it intends the decision to be its final act in the case." *Nelson v. Unum Life Ins. Co. of America*, 468 F.3d 117, 119 (2d Cir. 2006) (internal quotation marks omitted).

In the instant case, the District Court decided that the DOE's affirmative defenses were without merit, remanded the case to the agency, and ordered the Clerk to close the case. *Somoza*, 475 F. Supp. 2d at 396. Such a decision constitutes a final order for the purposes of 28 U.S.C. § 1291. *See Nelson,* 468 F.3d at 119 (concluding that an order was final because we could "state with assurance that no further proceeding will occur in the district court regarding any matter touching on the subject of this appeal").[5] Accordingly, we have jurisdiction to review the District Court's order.

---

[5] In this case, there are other indications that the District Court's intent was to end the litigation on the merits in the District Court and to allow the administrative process to take its course. *See Henrietta D. v. Giuliani*, 246 F.3d 176, 181 (2d Cir. 2001) ("The intent of the district court judge is relevant for purposes of § 1291 when the court's rulings reveal that the action could be final and it therefore matters whether the trial judge contemplated further proceedings.").

At the outset of its order, the District Court described the proceedings as a bench trial to "resolve the merits of the claims [plaintiff] asserts in her complaint." *Somoza v. New York City Dept. of Educ.* 475 F. Supp. 2d 373, 382 (S.D.N.Y. 2007). The Court also mentioned, in the context of discussing a remand, that it is "aware that a remand, with the potential for appeal to the SRO and *subsequent civil action in this Court*, is a time-consuming process," suggesting that any

## II.    Preliminary Injunction

Congress enacted the IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs . . . . " 20 U.S.C. § 1400(d)(1)(A); *see also Frank G. v. Bd. of Educ. of Hyde Park*, 459 F.3d 356, 363 (2d Cir. 2006).  To that end, the IDEA guarantees that a child with a disability receives a FAPE from as early as age three until at least age eighteen.[6]  *See* 20 U.S.C. § 1412(a)(1)(A) (providing IDEA funding to states to ensure that eligible children receive a FAPE).  Under New York law, a child is "no longer entitled to the protections and benefits of the [IDEA]," *Honig v. Doe,* 484 U.S. 305, 318 (1988), after the age of twenty-one and "does not have a right to demand a public education beyond [that] age," *Mrs. C. v. Wheaton*, 916 F.2d 69, 75 (2d Cir. 1990).

As of the end of the 2004-2005 academic year, when plaintiff reached the age of twenty-one, the DOE was no longer required to fund the Blau Program or otherwise provide a FAPE to plaintiff.  To its credit, the DOE extended its funding of the Blau Program for an additional year as a matter of grace.  Plaintiff now requests additional funding for the Blau Program as compensatory educational services, *see* note 2 *ante*, on the basis that she was denied a FAPE for the entirety of her thirteen years in public schools.

There are two limitations periods that could potentially be applied to plaintiff's claim: the one-

---

further action in federal court would require the filing of a new complaint. *Id*. at 394.  The Court then resolved the merits of plaintiff's complaint in part by restoring the case to the administrative process.  *Id.*

There was no evidence of the Court's intent to retain jurisdiction or any "contemplation of further proceedings." *Henrietta D*., 246 F.3d at 181.  While remanding a case to an administrative agency may "keep a case alive," *Perales v. Sullivan*, 948 F.2d 1348, 1353 (2d Cir. 1991), the circumstances presented here indicate that the District Court returned the case to the administrative agency for all further adjudication and did not retain jurisdiction.  *Cf. Forney v. Apfel*, 524 U.S. 266, 269 (1998) (in the context of a Social Security Act case, concluding that an order remanding the case to the agency is a final, appealable order).

[6] The IDEA does not apply to children from age three to five or over the age of eighteen where it would be inconsistent with state law.  *See* 20 U.S.C. § 1412(a)(1)(B)(i).  New York law requires the DOE to provide educational services for children with disabilities until they receive a high school diploma or complete the school year following their twenty-first birthday.  *See* N. Y. Educ. Law § 4402(5).  For the purposes of plaintiff's eligibility under New York state law and the IDEA, the parties agree that the 2004-2005 school year was the last period that plaintiff could possibly have been eligible for educational assistance.

9

year period applicable at the time that plaintiff's claims accrued and the two-year limitations period applicable at the time that plaintiff brought her suit.[7]  Because we conclude that plaintiff's claims would be untimely under either limitations period, we need not address which period applies.

An IDEA claim accrues on the date that a plaintiff or his parent "knew or should have known about the alleged action that forms the basis of the complaint."  20 U.S.C. § 1415(b)(6)(B).[8]  The parties agreed, and the District Court found, that plaintiff's mother knew or should have known about the alleged denials of a FAPE during the 2002-03 academic year—the point at which plaintiff's mother "[first] observed her daughter's rapid improvement in the Blau Program and that Blau, an expert in the field of special education, expressed the opinion that [plaintiff] had not previously received a FAPE." *Somoza*, 475 F. Supp. 2d at 385, 386.  Plaintiff's complaint was filed in March 2006.  Taking June 2003

---

[7] The IDEA was amended in 2004 to include a two-year statute of limitations period that became effective in July 2005. *See* 20 U.S.C. § 1415(f)(3)(C); *see also* 20 U.S.C. § 1415(b)(6)(B).  Prior to that point, the IDEA did not establish a limitations period.  Accordingly, the applicable limitations period would be determined with reference to the "most appropriate or analogous state statute of limitations" to plaintiff's claim.  *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221-22 (2d Cir. 2003) (internal quotation marks and citations omitted); *see also Adler v. Educ. Dep't of N.Y.,* 760 F.2d 454, 455-60 (2d Cir. 1985) (employing a limitations period from a New York statute for the purposes of determining timeliness of claims under IDEA's predecessor).  Prior to July 2005, a one-year limitations period applied to claims similar to Somoza's brought under the analogous New York statute, N.Y. Educ. Law § 4404(1)(a).  *See, e.g., Application of the Bd. of Educ.*, Appeal No. 02-119 (N.Y. State Educ. Dep't Nov. 18, 2003); *see also Application of a Child with a Disability*, Appeal No. 06-013, n.4 (N.Y. State Educ. Dep't March 27, 2006) ("[At the time petitioner's claim accrued in 1997], State Review Officers were applying a one-year statute of limitations [to IDEA claims].”); *id.* (collecting administrative decisions) .

The District Court suggested that a three-year statute of limitations period was potentially applicable to plaintiff's claims, based on the statute of limitations period for New York state personal injury claims. *Somoza*, 475 F.Supp.2d at 384 (collecting cases); *see also Green v. City of New York*, 438 F.Supp.2d 111, 124 (E.D.N.Y. 2006) (applying a three-year period).  We reject this view.  While other courts have adopted a similar view in the absence of a more closely analogous state statute, *see, e.g., Murphy v. Timberlane Regional School Dist.,* 22 F.3d 1186, 1194 (1st Cir. 1994), we find N.Y. Educ. Law § 4404(1)(a), the statutory provision under which plaintiff brought her state claims, to be the most appropriate reference point for a limitations period for her IDEA claims.  *See also Application of the Bd. of Educ.*, Appeal No. 02-119 (N.Y. State Educ. Dep't Nov. 18, 2003) (adopting a one-year limitations period for claims for compensatory education brought under the IDEA and N.Y. Educ. Law § 4404).

The ambiguity as to the limitations period that would be applicable in the present case—*i.e.*, whether the one-year or two-year limitations period applies—arises from our previous observation, when construing an analogous state statute, that the limitations period set forth in that statute could be applied "even though the cause of action accrued prior to its enactment."  *M.D.*, 334 F.3d at 222.

[8] The rule governing when an IDEA claim accrues was added to the statute at the same time as the two-year statute of limitations period.  Prior to its adoption, however, our Court had already determined that an IDEA claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *See M.D.*, 334 F.3d at 221.

as the latest date at which plaintiff knew about the alleged denials of a FAPE,[9] plaintiff's claims are time-barred even under a two-year limitations period.

The District Court came to a different conclusion based on its understanding that plaintiff's suit was not "ripe" for adjudication "until early in 2006, when it became clear to Mary Somoza that her daughter needed to remain in the Blau Program beyond June, 2006 and that the DOE would not continue to fund it past that time." *Somoza*, 475 F. Supp. 2d at 386. According to the District Court's reasoning, "there was no justiciable controversy between the parties" until June 2006 "because, by funding the Blau Program, the DOE was providing Somoza with precisely the remedy that she would otherwise have sought at an impartial hearing." *Id.* at 386.

We agree with the District Court that the limitations period on an IDEA claim does not begin to run until the claim is ripe for adjudication. *Somoza*, 475 F. Supp. 2d at 386 ("[I]t would be 'inconsistent with basic limitations principles' for a limitations period to commence before a party may file suit.") (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California, Inc.*, 522 U.S. 192, 200 (1997)); *see also TRW Inc. v. Andrews,* 534 U.S. 19, 34 n.6 (2001) (noting that, in *Bay Area Laundry*, the Court determined that a "statute of limitations could [not] commence to run on one day while the right to sue ripened on a later day . . . unless the statute indicates otherwise"); *Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 654 (2d Cir. 1998) (applying *Bay Area Laundry* to claim for procedurally deficit forfeiture). We disagree, however, with the District Court's application of this doctrine. The District Court concluded, without explanation, that plaintiff's claims presented an "exception[]" to the general rule that claims are ripe once a cause of action accrues. *Somoza*, 475 F. S upp. 2d at 387. The Court adopted plaintiff's view that, at the time her claims accrued, "there was no dispute between the parties [because] there was no relief Somoza could ask from the DOE or a court

---

[9] Because the parties agree that plaintiff's mother knew or should have known about the alleged denial of FAPE no later than the middle of the 2002-2003 school year, our use of June 2003 as the accrual date takes no position on when a parent is presumed to know or should know about a denial of a FAPE to his or her child or whether plaintiff's mother in the instant case knew or shown have known about the alleged denials any earlier than 2002-2003.

that DOE was not already providing to her." *Id.*

We conclude that plaintiff's claims were ripe at the time she discovered the alleged denials of a FAPE, notwithstanding the fact that she was receiving educational services she could have sought to remedy those denials. Neither the statutory text of the IDEA nor the law governing justiciability suggest that plaintiff would have been prevented from filing a complaint with the administrative agency or otherwise seeking relief as soon as she became aware of the alleged IDEA violations. The IDEA grants a parent of a disabled child the right to bring a complaint "with respect to *any matter* relating to the . . . provision of a free appropriate public education to such child," 20 U.S.C. § 1415(b)(6)(A) (emphasis added); *see also id.* § 1415(f)(1)(A) (providing that "[w]henever a complaint has been received under subsection (b)(6)[,] . . . the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing" before the relevant state or local agency). It nowhere limits a plaintiff's ability to seek relief for historical violations within the appropriate limitations period. The fact the DOE voluntarily provided the requested educational services beyond the term of plaintiff's statutory entitlement does not "deprive a federal court [or administrative agency] of its power to determine" the nature of the entitlement at issue. *Friends of the Earth Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 189 (2000); *see also New York Pub. Int. Res. Group, Inc. v. Johnson*, 427 F.3d 172, 185 (2d Cir. 2005). Plaintiff's allegations that, in the past, the DOE had denied her the FAPE to which she was entitled presented a live and "concrete dispute affecting cognizable current concerns of the parties" at the time that plaintiff arrived at this understanding. *Ehrenfeld v. Mahfouz*, 489 F.3d 542, 546 (2d Cir. 2007) (internal quotation marks omitted). We conclude, therefore, that plaintiff's claims were "complete and present" as of the date that they accrued and that the statute of limitations commenced to run as of March 2003. Accordingly, the claims filed by plaintiff in March 2006 are time-barred and the District Court erred as a matter of law—"abused its discretion" in the arcane locution of the law—in granting plaintiff an injunction.

It bears noting in passing that the expiration of plaintiff's statutory entitlement to a FAPE and the termination of DOE funding of the Blau Program does not leave plaintiff without any further assistance or other resources.[10] The record reflects that plaintiff may seek services from the New York State Vocational and Educational Services for Individuals with Disabilities and the New York State Office of Mental Retardation and Developmental Disabilities. The record also shows that plaintiff, through her mother, has previously pursued services with both agencies, and that the DOE has offered to assist with plaintiff's transition to those services.

Because we have determined that plaintiff's claims under the IDEA were barred by the statute of limitations, we need not reach the question of whether the Agreement contained a valid waiver of any arguable claims of plaintiff.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss the appeal is **DENIED**; the order of the District Court is **REVERSED**; and the injunction entered by the District Court is **DISSOLVED** on the basis that plaintiff's claims are barred by the applicable statute of limitations. Defendant is entitled to judgment as a matter of law.

---

[10] We express no view on plaintiff's many achievements, described in detail by the District Court in its lengthy "Postscript" to its July 2007 Decision and Order, or the relevance of discussing them in reaching its decision. *Somoza*, 475 F. Supp. 2d at 394-96.