**Mary WELLESLEY, Plaintiff–
Appellant,**

v.

**DEBEVOISE & PLIMPTON LLP and
Rachel Dresser, Defendants–
Appellees.**

No. 08–1360–cv.

United States Court of Appeals,
Second Circuit.

Sept. 21, 2009.

Mary Wellesley, Pro Se, Forest Hills,
NY, for Appellant.

Timothy K. Beeken (William C. Weeks
on the brief), Debevoise & Plimpton LLP,
New York, NY, for Appellees.

Present: ROGER J. MINER,
CHESTER C. STRAUB, and RICHARD
C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff appeals the decision granting
Defendants' motion for summary judgment
on her employment discrimination claim
pursuant to the Age Discrimination in Em-
ployment Act ("ADEA"), 29 U.S.C. § 621
*et seq.* Plaintiff also challenges the district
court's separate dismissal of her state-law
defamation claim pursuant to Rule 12(b)(6)
of the Federal Rules of Civil Procedure, as
well as the court's subsequent denial of her
motion for leave to amend the complaint.
We presume the parties' familiarity with
the underlying facts, the procedural histo-
ry of the case, and the issues on appeal.

With respect to Plaintiff's age discrimi-
nation claim, a district court's order grant-
ing summary judgment is reviewed *de
novo,* and all reasonable inferences are
drawn in favor of the non-movant, Ms.
Wellesley. *See Miller v. Wolpoff &
Abramson, L.L.P.,* 321 F.3d 292, 300 (2d
Cir.2003). In this Circuit, ADEA claims
are evaluated under the three-step burden-
shifting framework set forth in *McDonnell
Douglas Corp. v. Green,* 411 U.S. 792, 802,
93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See,*

*e.g., D'Cunha v. Genovese/Eckerd Corp.,* 479 F.3d 193, 194–95 (2d Cir.2007) (per curiam). To prevail on such a claim, the plaintiff must establish by a preponderance of the evidence that age discrimination was the "but-for" cause of the challenged adverse employment action. *Gross v. FBL Fin. Servs., Inc.,* —— U.S. ——, 129 S.Ct. 2343, 2351, 174 L.Ed.2d 119 (2009).

■ The district court properly applied the legal standards governing the ADEA claim. Assuming, *arguendo,* that Plaintiff established a *prima facie* case of age discrimination, Defendants articulated legitimate, non-discriminatory reasons for her termination. Defendants' proffered explanations were supported by, *inter alia,* Plaintiff's admission that she was often tardy to work, and evidence that she fell asleep at her desk while at the office. Put simply, Plaintiff provided no evidence to support her conclusory assertions that Defendants' explanations were pretextual. Consistent with that conclusion, the record lacks evidence from which a fact finder could conclude that age-related animus was the "but-for" cause of Plaintiff's termination. *See id.* at 2351. Accordingly, the district court's grant of summary judgment on Plaintiff's ADEA claim is affirmed.

■ Turning to Plaintiff's New York law based defamation claim, this Court reviews *de novo* the application of the relevant statute of limitations. *See, e.g., Somoza v. New York City Dep't of Educ.,* 538 F.3d 106, 112 (2d Cir.2008). The complained-of conduct occurred on July 5, 2005; Plaintiff's complaint was not received by the district court's *Pro Se* Office until July 10, 2006. Therefore, the one-year limitations period set forth in section 215(3) of New York's Civil Practice Law and Rules bars Plaintiff's defamation claim.

Lastly, the district court's decisions regarding Plaintiff's equitable tolling arguments and her motion for leave to amend the complaint are reviewed for abuse of discretion. *See United States v. All Funds Distributed To, or on Behalf of, Weiss,* 345 F.3d 49, 54 (2d Cir.2003); *Pangburn v. Culbertson,* 200 F.3d 65, 70 (2d Cir.1999). "Equitable tolling applies only in the 'rare and exceptional circumstance[ ].'" *Smith v. McGinnis,* 208 F.3d 13, 18 (2d Cir.2000) (alteration in original) (quoting *Turner v. Johnson,* 177 F.3d 390, 391–92 (5th Cir.1999)). The district court was well within the bounds of its discretion when it declined to toll the statute of limitations on Plaintiff's defamation claim. Moreover, the decision to deny as futile Plaintiff's proposed amendment to the complaint was legally sound and supported by the record.

The Court has reviewed Plaintiff's remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**