08-6164-cv
B.C. v. Colton-Pierrepont Central School District

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand nine.

PRESENT:   RALPH K. WINTER,
           REENA RAGGI,
           DEBRA ANN LIVINGSTON,
                     *Circuit Judges.*

------------------------------------------------------------------------

B.C., a child with a disability, individually and by his parent and next friend, L.C. and L.C., parent and next friend,

                     *Plaintiffs-Appellees*,

               v.                                    No. 08-6164-cv

COLTON-PIERREPONT CENTRAL SCHOOL DISTRICT,

                     *Defendant-Appellant.*

------------------------------------------------------------------------

FOR APPELLANT:            EDWARD J. SARZYNSKI, Hogan, Sarzynski, Lynch, Surowka & DeWind, LLP, Johnson City, New York.

FOR APPELLEES:            H. JEFFREY MARCUS, Law Offices of H. Jeffrey Marcus, Williamsville, New York.

Appeal from the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 21, 2008, is VACATED, and the case REMANDED with instructions that it be dismissed as moot.

Defendant Colton-Pierrepont Central School District ("Colton") appeals from a November 21, 2008 judgment denying both parties' motions for summary judgment, vacating the decision of the State Review Officer ("SRO"), and remanding to the Impartial Hearing Officer ("IHO") with instructions that the IHO hold a new hearing on plaintiffs' claims pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. "Whether the district court correctly applied the IDEA's statutory and regulatory provisions to the facts of a particular case is a mixed question of law and fact, which we . . . review de novo." P. ex rel. Mr. & Mrs. P. v. Newington Bd. of Educ., 546 F.3d 111, 118 (2d Cir. 2008); see Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ., 397 F.3d 77, 83 (2d Cir. 2005). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.[1]

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because the district court denied the parties' motions for summary judgment, vacated the SRO's decision, remanded to the IHO, and dismissed plaintiffs' complaint without prejudice, the "indicia of finality" required to confer appellate jurisdiction upon this court are present. Somoza v. N.Y. City Dep't of Educ., 538 F.3d 106, 112 (2d Cir. 2008).

2

Colton submits that plaintiffs' claims should be dismissed as moot because a July 2008 amendment to the New York State Education Law renders home-schooled students eligible to receive special education services under the IDEA, see N.Y. Educ. Law § 3602-c(2-c), and plaintiffs' request for such services has been approved.[2] Although "[a] party seeking to have a case dismissed as moot bears a heavy burden," Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ., 397 F.3d at 84, we agree that plaintiffs' challenge to Colton's failure to provide special education services to home-schooled students no longer presents a live controversy.

"The voluntary cessation of allegedly illegal conduct usually will render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Lamar Adver. of Penn, LLC v. Town of Orchard Park, 356 F.3d 365, 375 (2d Cir. 2004) (internal quotation marks omitted). This rule applies with equal force where cessation of the challenged conduct is prompted by a change in the law. See, e.g., Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo, 981 F.2d 50, 61 (2d Cir. 1992) ("Constitutional challenges to statutes are routinely found moot when a statute is amended . . . .").

---

[2] Although plaintiffs contend that they have not received notice of Colton's approval of their petition, Colton has submitted sworn testimony that the petition has, in fact, been approved. We accept Colton's representation as true and consider Colton to be bound by it.

In light of the July 2008 amendment to the New York State Education Law (the "Amendment"), which provides that home-schooled students "shall be deemed to be . . . student[s] enrolled in and attending a nonpublic school eligible to receive services" under the IDEA, N.Y. Educ. Law § 3602-c(2-c), Colton now permits home-schooled students to request special education services for which it previously deemed them ineligible. Because the Amendment effectively provides plaintiffs with precisely the relief sought in this litigation, i.e., a declaration that B.C. is entitled to receive special education services under the IDEA notwithstanding his status as a home-schooled student, plaintiffs no longer have a sufficient personal stake in the outcome of this case to permit us to retain jurisdiction over the appeal. See ABN Amro Verzekeringen BV v. Geologistics Ams., Inc., 485 F.3d 85, 94 (2d Cir. 2007).

Although plaintiffs challenge the adequacy of Colton's provision of special education services during the pendency of this litigation, they concede that no claim for relief on this basis is stated in the complaint and that the issue is being raised for the first time on appeal. We see no reason to depart from the "well-established general rule that an appellate court will not consider an issue raised for the first time on appeal," Greene v. United States, 13 F.3d 577, 586 (2d Cir. 1994), and therefore decline to view that claim as presenting the sort of live controversy precluding dismissal.

The mere fact that the New York legislature is free to repeal the Amendment does not alter our mootness conclusion, particularly as New York is not a party to these proceedings

4

and thus has no incentive to modify the law once litigation has ended.  See Lamar Adver. of Penn, LLC v. Town of Orchard Park, 356 F.3d at 376-77.  Nor are we persuaded that the mere possibility that plaintiffs will recoup attorneys' fees is sufficient to salvage this otherwise moot appeal.  See Coleman v. Newburgh Enlarged City Sch. Dist., 503 F.3d 198, 204 n.8 (2d Cir. 2007); Lamar Adver. of Penn, LLC v. Town of Orchard Park, 356 F.3d at 378.

In sum, because the recent amendment to the New York State Education Law obviates plaintiffs' claims, and because Colton has been providing B.C. special education services under the IDEA during the entire pendency of these proceedings, the controversy presented in this appeal is no longer live.  Accordingly, the November 21, 2008 judgment of the district court is VACATED and the case REMANDED with instructions that the district court dismiss the case with prejudice as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By:_____

5