17-2406-cv
*Bd. of Educ. v. C.M.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of August, two thousand eighteen.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges.*

---

BOARD OF EDUCATION OF THE NORTH ROCKLAND CENTRAL SCHOOL DISTRICT,

> *Plaintiff-Counter-Defendant-Appellee*,

> v.                                                                17-2406-cv

C.M., on behalf of her child, P.G., individually, P.G.,

> *Defendants-Counter-Claimants-Appellants*.

---

For Plaintiff-Counter-Defendant-Appellee:  NEELANJAN CHOUDHURY (Daniel Petigrow, *on the brief*), Thomas, Drohan, Waxman, Petigrow & Mayle, LLP, Hopewell Junction, NY.

Jay Worona, Pilar Sokol, *for Amicus Curiae* New York State School Boards Association, Inc.,

Latham, NY, *in support of Plaintiff-Counter-Defendant-Appellee.*

For Defendants-Counter-Claimants-Appellants: MARION M. WALSH (Erica Marie Fitzgerald, *on the brief*), Littman Krooks LLP, White Plains, NY.

Catherine Merino Reisman, Reisman Carolla Gran LLP, Haddonfield, NJ, *for Amicus Curiae* Council of Parent Attorneys and Advocates, Inc., *in support of Defendants-Counter-Claimants-Appellants.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In January 2015, Defendant-Counter-Claimant-Appellant C.M. ("Parent") filed a due process complaint on behalf of her child, P.G. ("Student"), against Plaintiff-Counter-Defendant-Appellee Board of Education of the North Rockland Central School District (the "District"), alleging *inter alia* that the District failed to provide Student with a Free and Appropriate Public Education ("FAPE") in violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, for the 2005–2006 through 2011–2012 school years. *See Bd. of Educ. of N. Rockland Cent. Sch. Dist. v. C.M.*, No. 16-cv-3924, 2017 WL 2656253, at *6 (S.D.N.Y. June 20, 2017). An impartial hearing officer ("IHO") dismissed Parent's IDEA claims as untimely but held that the District violated Section 504 by failing to provide the Student with a residential placement from January 2012 through June 2012. The state review officer ("SRO") agreed with the IHO that the IDEA claim was untimely, but did not review the Section 504 claim because it lacked jurisdiction to do so. The District filed suit in the United States District Court for the Southern District of New York, seeking reversal of the IHO's

2

decision as to the Section 504 claim, and Parent filed counterclaims in answer, seeking reversal of the SRO's decision as to the IDEA claim. On June 20, 2017, the district court granted summary judgment in favor of the District. Parent appeals that decision, arguing that the district court erred in concluding that her Section 504 and IDEA claims were untimely. We assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

### A. Standard of Review

In the typical IDEA case, we must conduct a "circumscribed *de novo* review" because "responsibility for determining whether a challenged IEP will provide a child with [a FAPE] rests in the first instance with administrative hearing and review officers." *A.M. v. New York City Dep't of Educ.*, 845 F.3d 523, 534 (2d Cir. 2017) (citations omitted). This is not the typical case because the only question before us is whether Parent's claims were timely. We review de novo a district court's interpretation of the IDEA's statute of limitations and its exceptions as a matter of statutory interpretation. *Muller on Behalf of Muller v. Comm. on Special Educ. of E. Islip Union Free Sch. Dist.*, 145 F.3d 95, 102 (2d Cir. 1998) (reviewing de novo district court's "application of the IDEA's statutory and regulatory definitions to the particular facts of [plaintiff's] medical and educational history"). We also review de novo the district court's determination that Parent's Section 504 claims are untimely. *J.D. ex rel. J.D. v. Pawlet Sch. Dist.*, 224 F.3d 60, 65 (2d Cir. 2000).

### B. Accrual Date

We agree with the district court that Parent's claims accrued in May or June 2011 when the District denied Parent's request for a residential placement for the 2011–2012 school year at a Committee on Special Education ("CSE") meeting in May 2011, and confirmed its decision by

3

mailing Parent a copy of Student's resultant Individualized Education Program ("IEP") in June 2011. Parent asserts that the District's inaction during the "crisis that unfolded between January through June 2012" constitutes a series of "discrete and separate acts of discrimination," rendering at least the Section 504 claims timely. Def.-Appellee Br. 25–30. We disagree. "In analyzing the timing of accrual in the context of discrimination claims, the Supreme Court has instructed that 'the proper focus is on the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful.'" *Morse v. Univ. of Vermont*, 973 F.2d 122, 125 (2d Cir. 1992) (quoting *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)) (emphasis in original). The District's decision to deny a residential placement for the 2011–2012 school year was the alleged discriminatory act for purposes of the Section 504 claim, while the events unfolding during the second half of the 2011–2012 school year were alleged manifestations of the consequences of that decision. The record shows that Parent knew or should have known that Student would be injured (though perhaps not the precise degree of his injury) during the 2011–2012 school year by the District's decision; both Parent and Student's privately retained psychotherapist, as well as another psychiatrist who treated Student, clearly believed that Student required a residential placement, and Parent objected to the District's alternative recommendation. *See id.* at 125 ("[A Section 504] claim accrues when the plaintiff 'knows or has reason to know' of the injury that is the basis of the action. . . . Thus, the timeliness of a discrimination claim is measured from the date the claimant receives notice of the allegedly discriminatory decision."); 20 U.S.C. § 1415(b)(6)(B) (codifying "knew or should have known" accrual standard in IDEA context). Even though the District convened another CSE meeting on February 9, 2012 and again denied Student a residential placement for the 2012–2013 school year, Parent never asserted any claims against the District for the 2012–2013 school year.

Accordingly, Parent's IDEA and Section 504 claims in this action accrued at the latest in May or June 2011.[1]

## C. Parent's Claims are Untimely

Based on the accrual date of May or June 2011, we also agree with the district court's determination that Parent's IDEA and Section 504 claims were filed out of time. This is true even if we apply the longer three-year statute of limitations that Parent asks us to apply to Section 504 claims, because Parent did not file her due process complaint until January 2015.[2] *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999) (applying three-year statute of limitations for Section 504 claims); *Somoza v. New York City Dep't of Educ.*, 538 F.3d 106, 114 n.7 (2d Cir. 2008) ("The IDEA was amended in 2004 to include a two-year statute of limitations period that became effective in July 2005" (citing 20 U.S.C. §§ 1415(f)(3)(C), (b)(6)(B))).

## D. Exceptions to the IDEA's Statute of Limitations

Parent argues in the alternative that her IDEA claims should be tolled because she falls within the statutory exceptions to the IDEA's two-year statute of limitation, and that the district

---

[1] We do not address Parent's argument in the alternative that the continuing violation doctrine applies as "an exception to the normal knew-or-should-have-known accrual date," Def.-Appellee Br. 39, because Parent failed to raise this claim below, *C.M.*, 2017 WL 2656253, at *10 n.2. "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (per curiam).

[2] Thus, we need not opine on whether we should reconsider our decision in *Morse* and apply the IDEA's two-year statute of limitations for Section 504 claims in the education context, as the District urges us to do here. *Compare Morse*, 973 F.2d at 125–27 (rejecting case-by-case approach and borrowing state personal injury statute of limitations for all Section 504 claims), *with P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 736 (3d Cir. 2009) ("We are convinced that the IDEA's limitations period is a better fit for education claims made under the Rehabilitation Act than the personal injury statute of limitations.").

court erred in its analysis by overlooking outstanding factual disputes.[3]  Specifically, Parent attempts to show a genuine issue of material fact remains as to (1) the District's alleged misrepresentations; and (2) whether Parent adequately understood her rights to request a due process hearing.   This argument is meritless.   We conclude that the record supports the district court's grant of summary judgment in favor of the District on these points because Parent has failed to raise a genuine issue of material fact as to either.   *See J.D.*, 224 F.3d at 69 ("[W]here the parties have had a meaningful opportunity to present evidence and the non-moving party is unable to identify any genuine issue of material fact, the use of a summary judgment procedure is entirely proper.").

### 1.    Specific Misrepresentation Exception

The Specific Misrepresentation Exception applies only "if the parent was prevented from requesting the hearing due to . . . specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint."   20 U.S.C. § 1415(f)(3)(D)(i). Here, "the problem forming the basis of the complaint" was the District's refusal to accede to Parent's request for a residential placement.   As already discussed above, by the time of the May 2011 CSE meeting, the record reflects that Parent was convinced that Student needed a residential placement, and her conviction was reinforced by Student's privately retained psychotherapist and another treating psychiatrist, each of whom also recommended a residential placement for Student.   Indeed, a parent advocate attended the May 2011 CSE meeting with Parent to help advocate for a residential placement.   When the District denied Parent's request

---

[3] The statutory exceptions provision provides that the IDEA's statute of limitations "shall not apply to a parent if the parent was prevented from requesting the hearing due to--(i) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or (ii) the local educational agency's withholding of information from the parent that was required under this subchapter to be provided to the parent."   20 U.S.C. § 1415(f)(3)(D).

for a residential placement at the May 2011 CSE meeting, Parent objected during the meeting. The District never misrepresented that it had resolved the problem by granting a residential placement, nor is there any evidence in the record that Parent ever changed her mind after the May 2011 CSE meeting about Student requiring a residential placement, based on any misrepresentations from the District. Parent's invocation of the Specific Misrepresentation Exception is therefore unpersuasive.

### 2. Withholding of Information Exception

The Withholding of Information Exception applies only "if the parent was prevented from requesting the hearing due to . . . the local educational agency's withholding of information from the parent that was required under this subchapter to be provided to the parent." 20 U.S.C. § 1415(f)(3)(D)(ii). Parent argues that she did not receive every required procedural safeguards notice, but does not dispute the district court's recitation of the following timeline:

> [I]n May 2011, Parent engaged the services of [a parent advocate] and he "educated [her] a little bit about [P.G.]'s rights." . . . In June 2012, she consulted with a special education attorney. On August 28, 2012, Parent signed an acknowledgment of receipt of procedural safeguards. . . . Yet she did not file her due process complaint until January 9, 2015, more than two years later.

*C.M.*, 2017 WL 2656253, at *10 (citations omitted). We agree with the district court that this timeline shows that "Parent knew of her rights no later than August 2012," *id.*, which means that even if we applied the Withholding of Information Exception, Parent's IDEA claims remain untimely because she should have filed them by August 2014 at the latest.

7

\*　　\*　　\*

We have considered Parent's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk