*Phillips v. Banks*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand twenty-four.

PRESENT:
> **RICHARD C. WESLEY,**
> **ALISON J. NATHAN,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

_____

Andrea Phillips, individually and as
Parent and Natural Guardian of S.H., Paul
Hinton, individually, and as Parent and
Natural Guardian of S.H.,

     *Plaintiffs-Appellants,*

   v.                                      **No. 23-362**

David C. Banks, in his official capacity as
the Chancellor of the New York City
Department of Education, New York City

**Department of Education,**

*Defendants-Appellees.*

_____

FOR PLAINTIFFS-APPELLANTS:    RORY J. BELLANTONI (Peter G. Albert, *on the brief*), Brain Injury Rights Group, New York, NY.

FOR DEFENDANTS-APPELLEES:    JOSHUA LIEBMAN (Richard Dearing, Ingrid R. Gustafson, *on the brief*) *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gorenstein, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Andrea Phillips and Paul Hinton, individually and as parents of their son S.H., appeal from a February 15, 2023 judgment granting summary judgment to the New York City Department of Education (DOE). We assume the parties' familiarity with the underlying facts, procedural history, and

issues on appeal, to which we refer only as necessary to explain our decision.

S.H. is a young man who has been diagnosed with cerebral palsy, multifocal partial seizures, dysgenesis of the corpus callosum, strabismus, spastic quadriplegia, and cortical vision impairment. S.H. attended special-educational public school from 2006 until January 2020, when his parents unilaterally placed him in a private special education program at the International Institute for the Brain (iBRAIN). On April 29, 2020, Plaintiffs filed a due process complaint alleging that DOE failed to provide S.H. a free and appropriate public education (FAPE) for his entire educational career, spanning from the 2006-2007 school year to the 2019-2020 school year, as required by the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415. Plaintiffs sought tuition and services reimbursement for S.H.'s attendance at iBRAIN during the 2019-2020 school year, as well as compensatory services, including funding for S.H. to attend iBRAIN for twelve years of extended education.

An Impartial Hearing Officer (IHO) dismissed all claims before the 2017-2018 school year as time-barred under the IDEA's two-year statute of limitations and denied the remainder of Plaintiffs' complaint. On appeal, the State Review Officer (SRO) concluded that DOE denied S.H. a FAPE by failing to implement

occupational therapy services during the 2017-2018 school year but otherwise upheld the IHO's determinations, including that DOE provided a FAPE for the 2018-2019 and 2019-2020 school years and that claims from before the 2017-2018 school year were time-barred. The SRO awarded sixteen hours of compensatory occupational therapy services for Plaintiffs' claims that accrued on or after April 30, 2018, which were not time barred. Plaintiffs then brought suit in the district court, seeking review of the SRO's decision. The district court deferred to the SRO's determinations and granted DOE's motion for summary judgment.

On appeal, Plaintiffs challenge the district court's conclusions that (1) DOE provided a FAPE for the 2018-2019 and 2019-2020 school years and (2) Plaintiffs are entitled to a compensatory award only for their claims that accrued on or after April 30, 2018 for the 2017-2018 school year.

The IDEA requires school districts "to provide all children with disabilities a free appropriate public education," which consists of "special education and related services tailored to meet the unique needs of a particular child, and [must] be reasonably calculated to enable the child to receive educational benefits." *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 107 (2d Cir. 2007) (cleaned up). Claims for tuition reimbursement are assessed under the three-step *Burlington-*

*Carter* test, which considers whether (1) the school district's proposed placement failed to provide the student a FAPE, (2) the parents' alternative private placement was appropriate, and (3) equitable considerations favor the parents. *See E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 451 (2d Cir. 2014). If the court determines that the school district denied the child a FAPE in violation of the IDEA, then an award of compensatory services may also be appropriate. *See Somoza v. N.Y.C. Dep't of Educ.*, 538 F.3d 106, 109 n.2 (2d Cir. 2008).

## I. The SRO's Conclusions

Plaintiffs argue that the district court erred by deferring to the SRO's conclusion that DOE provided a FAPE for the 2018-2019 and 2019-2020 school years. More specifically, Plaintiffs contend that the SRO's decision was not well-reasoned and did not consider evidence showing that DOE failed to properly evaluate S.H. in developing S.H.'s Individualized Education Plans (IEPs) and recommended inappropriate goals in the IEPs.

When reviewing state administrative proceedings under the IDEA, "we engage in an independent, but circumscribed, review, more critical than clear-error review but well short of complete *de novo* review." *T.K. v. N.Y.C. Dep't of Educ.*, 810 F.3d 869, 875 (2d Cir. 2016) (cleaned up). We "must defer to the SRO's

5

decision on matters requiring educational expertise unless" we determine that the SRO's decision was "inadequately reasoned, in which case a better-reasoned IHO opinion may be considered instead." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 189 (2d Cir. 2012). When parents seek to overturn an SRO's decision, they bear the burden of demonstrating that the decision was insufficiently reasoned or supported. *See M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 225 n.3 (2d Cir. 2012).

We conclude that Plaintiffs have failed to show that the SRO's decision is not entitled to deference. Plaintiffs argue that DOE incorrectly classified S.H.'s disability as "multiple disabilities" rather than "traumatic brain injury," which prevented S.H. from receiving the neuropsychological evaluation necessary for developing appropriate recommendations for special education services. Appellants' Br. at 15–17. Plaintiffs contend that this misclassification prevented DOE from formulating a legally adequate IEP.

However, the SRO reviewed the record and determined that the Committee on Special Education (CSE) adequately reviewed a range of evaluative materials in formulating S.H.'s IEPs. The record showed that the CSE reviewed numerous assessments related to S.H.'s academic skills, cognitive skills, behavioral skills, and physical capabilities to develop the IEPs for the 2018-2019 and 2019-2020 school

6

years.  While Plaintiffs think that "a neuropsychological evaluation would [] have been the best starting point to determine S.H.'s functioning," Appellants' Br. at 18, DOE's failure to conduct the evaluation does not render the IEP legally inadequate.  *Cf. M.W. ex rel. S.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131, 140 (2d Cir. 2013) (holding that DOE's failure to conduct a functional behavioral assessment alone did not render an IEP legally inadequate).

Accordingly, we defer to the SRO's conclusion that the CSE considered sufficient evaluative evidence in formulating the IEPs.

Plaintiffs also argue that the district court should not have deferred to the SRO's conclusion that the IEP's goals were reasonably calculated because the SRO's underlying reasoning was flawed.

An IEP must include a statement of measurable annual goals to meet the child's needs and make progress in the educational curriculum.  *See* 20 U.S.C. § 1414(d)(1)(A)(i)(II).  The SRO determined that most of the goals in S.H.'s IEPs were appropriate for his instructional level, though some were not a perfect match. This conclusion carries substantial weight, as "the sufficiency of goals and strategies in an IEP is precisely the type of issue upon which the IDEA requires deference to the expertise of the administrative officers."  *Grim v. Rhinebeck Cent.*

7

*Sch. Dist.*, 346 F.3d 377, 382 (2d Cir. 2003).

Plaintiffs argue that the SRO's conclusion is not entitled to deference because it illogically concluded that the goals were appropriate despite acknowledging that three of the goals did not match S.H.'s skills. The SRO acknowledged that the evidence showed that as compared to the 2018 IEP, the 2019 IEP contained two goals that "were somewhat below the student's instructional level" and one goal that "was likely too ambitious." Joint App'x at 59. However, as the record supports, the SRO concluded that these adjustments in goals were appropriate because they "were developed by the student's then current teacher and providers and the evidence indicate[d] that the student's responsiveness was inconsistent and that changes in the goals were needed." *Id.*

Accordingly, we defer to the SRO's conclusion that these goals were "appropriately ambitious in light of [S.H.'s] circumstances." *See Endrew F. ex rel Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 402 (2017).

## II. Statute of Limitations

As to the 2017-2018 school year, the SRO concluded that Plaintiffs' claim that DOE failed to implement S.H.'s home-based occupational therapy, which resulted

8

in an award of 16 hours of compensatory services, was the only one that accrued after April 30, 2018.   Plaintiffs argue that the statute of limitations should toll for six months because DOE allegedly created the IEP for the 2017-2018 school year six months late.

The IDEA requires parents to file a due process complaint "within 2 years of the date the parent . . . knew or should have known about the alleged action that forms the basis of the complaint."   20 U.S.C. § 1415(f)(3)(C); *D.S. By & Through M.S. v. Trumbull Bd. of Educ.*, 975 F.3d 152, 168 (2d Cir. 2020).   Plaintiffs do not allege that either of the two statutory exceptions to the IDEA's two-year statute of limitations applies.   *See* 20 U.S.C. § 1415(f)(3)(D) (providing exceptions from the two-year statute of limitations due to "specific misrepresentations by" DOE or DOE's "withholding of information from the parent").   Indeed, Plaintiffs do not dispute that they could have discovered any claims arising from the IEP prepared for the 2017-2018 school year in November 2017, when Plaintiffs attended the CSE meetings and were informed of the IEP.   Accordingly, we agree with the SRO that Plaintiffs' claims for the 2017-2018 school year are time-barred except their claim for implementation of home-based occupational therapy accruing after April 30, 2018.

Finally, because we defer to the SRO's decision on prong one of the *Burlington-Carter* test, we need not address the remaining two prongs.

\*   \*   \*

We have considered the remaining arguments on appeal and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court