24-0514-cv
*Perlman v. General Electric, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of October, two thousand twenty-four.

PRESENT:
> BARRINGTON D. PARKER,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*,
> CAROL BAGLEY AMON,
> *District Judge*[*]

───────────────────────────────────

CAROL PERLMAN,

> *Plaintiff-Appellant*,

v.                                                            24-514-cv

GENERAL ELECTRIC, GE HEALTHCARE, H. LAWRENCE CULP, JR., PETER ARDUINI, FRANK

───────────────────────

[*] Judge Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

JIMENEZ, BETTY LARSON, JOHN DOES 1-10,

*Defendants-Appellees.*

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Marshall B. Bellovin, Ballon Stoll P.C., New York, NY. |
| FOR DEFENDANTS-APPELLEES: | Sarah Bryan Fask, Littler Mendelson, P.C., Philadelphia, PA; James F. Bryton, Littler Mendelson, P.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on February 16, 2024, is **AFFIRMED**.

Plaintiff-Appellant Carol Perlman ("Perlman") sued her former employer for denying her severance and pension benefits and failing to provide her with plan documentation in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") and New York state common law. Defendants-Appellees are General Electric, GE HealthCare, H. Lawrence Culp, Jr., Peter Arduini, Frank Jimenez, Betty Larson, and John Does 1-10 (collectively, "General Electric"). The district court held that most of her claims were untimely and that the remaining claims for common law fraudulent concealment and for failure to provide documents under ERISA were not cognizable. On appeal, Perlman challenges only the district court's dismissal of her ERISA claims.

2

For the reasons that follow, we affirm the district court's dismissal of Perlman's first amended complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

## DISCUSSION

We review *de novo* both the district court's granting of dismissal based on the application of a statute of limitations, *see Somoza v. N.Y.C. Dep't of Educ.*, 538 F.3d 106, 112 (2d Cir. 2008), as well as the district court's granting of a motion to dismiss for failure to state a claim, *see Henry v. Cnty. of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When the district court relies on multiple grounds, we may affirm "on any basis supported by the record." *Coulter v. Morgan Stanley & Co.*, 753 F.3d 361, 366 (2d Cir. 2014).

### I. Timeliness of ERISA Benefits Claim

Perlman argues that her ERISA § 502(a)(1)(B)[1] benefits claim is timely because it did not accrue until 2020, when she claims to have learned of her entitlement to benefits.

---

[1] Section 502(a)(1)(B) creates a cause of action for, among other things, pension plan participants covered by ERISA "to recover benefits due to [them] under the terms of [their] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan."

*See* 29 U.S.C. § 1132(a)(1)(B). We disagree with Perlman's assessment of when her claim accrued and conclude that the district court properly dismissed it as untimely.

The statute of limitations for an ERISA benefits claims is based on "the most nearly analogous state statute." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 104 (2013). Here, that statute is New York's C.L.P.R. § 213, which establishes a six-year limitations period. *See Miles v. N.Y. State Teamsters Conf. Pension & Ret. Fund Emp. Pension Ben. Plan*, 698 F.2d 593, 598 (2d Cir. 1983). An ERISA benefits claim "accrues upon a clear repudiation by the plan that is known, or should be known, to the plaintiff—regardless of whether the plaintiff has filed a formal application for benefits." *Carey v. Int'l Bhd. of Elec. Workers Loc. 363 Pension Plan*, 201 F.3d 44, 49 (2d Cir. 1999). Perlman's position was made redundant in 2003, at which point she became aware that her employment status changed to that of an independent contractor. The complaint alleges that Perlman was told that human resources "would discuss 'next steps' with her on her return to the United States" but that the discussion did not happen. App'x 53. Regardless of whether, as Perlman claims, her compensation remained the same or her employer classified her change in employment status as voluntary or due to redundancy, the fact remains that she understood that she was leaving her status as an employee to become an independent contractor and her claim accrued in 2003. Even if she failed to understand the change in her employment status in 2003, Perlman knew that she left General Electric permanently in 2004 and should have known of the repudiation then. Moreover, Perlman received

4

letters in 2001 and 2002 awarding her stock options as part of her executive employee compensation with a vesting period from March 6, 2002, to March 6, 2006. All of these facts alleged in the complaint establish that a clear repudiation of the Plan was or should have been known by Perlman by 2003, or, at the latest, in 2004. *Carey*, 201 F.3d at 48.

The district court also did not err in declining to equitably toll Perlman's ERISA benefits claim. Equitable tolling is "an extraordinary measure" that does not apply absent the plaintiff's reasonable diligence. *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004); *see Holland v. Florida*, 560 U.S. 631, 653 (2010). The plaintiff bears the burden of showing her entitlement to equitable tolling. *See Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002). Perlman's failure to take any measures to learn about her entitlement to benefits prior to 2020, despite having permanently left General Electric in 2004, does not evince reasonable diligence. Therefore, equitable tolling was inappropriate and dismissal of Perlman's claim for untimeliness was warranted.

## II. Timeliness of ERISA Breach of Fiduciary Duty Claim

Perlman's ERISA breach of fiduciary duty claim was also untimely under 29 U.S.C. § 1113. Section 1113, a statute of repose, requires a plaintiff to file an ERISA breach of fiduciary duty claim:

> after the earlier of (1) six years after (A) the date of the last action which constituted part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or

5

violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation.

29 U.S.C. § 1113; *see also Browe v. CTC Corp.*, 15 F.4th 175, 190 (2d Cir. 2021) (reiterating that § 1113 is a statute of repose, rather than a statute of limitations). Because Perlman did not sufficiently allege a breach of fiduciary duty, much less when such a breach occurred, we conclude that the district court did not err in dismissing her claim.

The amended complaint contains a conclusory allegation of a breach of fiduciary duty with a statement that "[a]s a result of the foregoing, Defendants, as fiduciaries, are personally liable for damages incurred by Plaintiff as a result of her not being provided benefits as set forth herein." App'x 56. Perlman's ERISA breach of fiduciary duty claim does not identify the timing, much less the substance, of General Electric's alleged fiduciary breach. *See* Fed. R. Civ. P. 9(f) ("An allegation of time or place is material when testing the sufficiency of a pleading."). Her failure to adequately plead the claim renders its timeliness incalculable, including the determination of "the date of the last action" or, in the case of an omission, "the latest date on which [General Electric] could have cured the breach." 29 U.S.C. § 1113(1). Accordingly, we cannot ascertain the timeliness of Perlman's breach of fiduciary duty claim under § 1113's statute of repose because Perlman failed to adequately plead the "grounds of [her] entitlement to relief." *Twombly*, 550 U.S. at 555 (alteration adopted) (internal quotation marks omitted).

Moreover, the deadline set forth in § 1113 for cases involving "fraud or concealment" does not apply to Perlman's claims because she also did not plead fraud or

6

concealment with particularity. *See Caputo v. Pfizer, Inc.*, 267 F.3d 181, 189-90 (2d Cir. 2001) (determining that § 1113's "fraud or concealment" exception applies if the fiduciary "(1) breached its duty by making a knowing misrepresentation or omission of a material fact to induce an employee/beneficiary to act to his detriment; or (2) engaged in acts to hinder the discovery of a breach of fiduciary duty" (emphasis omitted)); *see also* Fed. R. Civ. P. 9(b) (requiring that fraud or mistake be "state[d] with particularity"); *Conn. Nat'l Bank v. Fluor Corp.*, 808 F.2d 957, 962 (2d Cir. 1987) (explaining that under Rule 9(b) a plaintiff must "specifically plead those events which give rise to a strong inference that the defendants had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth" (internal quotation marks omitted)). Accordingly, the district court did not err in dismissing Perlman's breach of fiduciary duty claim.

### III. ERISA Failure to Provide Documents Claim

Perlman challenges the district court's dismissal of her ERISA § 104(b)(4) claim for failure to provide documents. *See* 29 U.S.C. § 1024(b)(4). This claim fails for two reasons.

First, the Plan's statutory obligation to provide documents is only triggered upon the "*written* request *of any participant or beneficiary*." 29 U.S.C. § 1024(b)(4) (emphasis added). A plan has no obligation under ERISA to provide documents to a third party who is not expressly designated as an agent of the participant. *See Keys v. Eastman Kodak Co.*, 739 F. Supp. 135, 139 (W.D.N.Y. 1990) *aff'd* 923 F.2d 844 (2d Cir. 1990) (the plan need not disclose materials to an agent prior to receiving satisfactory proof of the agent's

7

authority).  Perlman, however, never alleges that she made any requests for written documents herself, and her pleadings indicate that the only written requests for documents received by General Electric were made by others on her behalf.

Second, the requested document on which Perlman bases her § 1024(b)(4) claim, her personnel file, is not covered under the statute.  *See* 29 U.S.C. § 1024(b)(4) (listing the following documents plan administrators are required to furnish: "a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated") (footnote omitted).  Perlman's argument that the personnel file should be considered an "other instrument[] under which the plan is established or operated" is unpersuasive.  *Id.*  We have previously held that the phrase "instruments under which the plan is established or operated" in § 1024(b)(4) means "formal legal documents that govern or confine a plan's operations, rather than the routine documents with which or by means of which a plan conducts its operations."  *Bd. of Trs. of the CWA/ITU Negotiated Pension Plan v. Weinstein*, 107 F.3d 139, 142 (2d Cir. 1997).  Because Perlman's personnel file cannot be fairly characterized as such a document, it is not covered by § 1024(b)(4).

*  *  *

For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court